FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 17 2005

JAMES W. McCORMACK, CLERK
                          DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KIEFFER DWAYNE THOMAS                                    PETITIONER

vs.                  CASE NO. 4:04cv00757 GH
                              4:03cr00061GH

UNITED STATES OF AMERICA                                 RESPONDENT

## ORDER

On September 23, 2005, the Court conducted a hearing on petitioner's § 2255 motion. In particular, the hearing was on petitioner's assertion that his counsel failed to file a notice of appeal after being instructed to do so by petitioner. At the hearing, petitioner, his counsel at the time Herb Wright, and Special Agent Crutchfield testified.

An attorney's failure to file a notice of appeal after his or her client instructs counsel to do so constitutes ineffective assistance entitling a petitioner to § 2255 relief, without any inquiry into prejudice or likely success on appeal being necessary. *Barger v. United States*, 204 F. 3d 1180, 1182 (8th Cir. 2000). "[T]he desire to appeal must be manifest. A bare assertion by the petitioner that [h]e made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *Id.* (citations omitted).

Petitioner stated that he instructed Wright to appeal in one telephone conversation sometime soon after his sentencing on December 17, 2003. He stated that he wanted to appeal the imposition of a 188-month sentence based on prior convictions. Petitioner stated that Wright informed him that there was no ground for an appeal but that he would look into it.

-1-

Wright testified that petitioner did not request that he appeal the sentence. Wright stated the only telephone conversation he recalled having with petitioner concerned cooperating with the government to get a reduction in sentence. Wright stated that the telephone conversation occurred a few weeks after sentencing. Wright stated that in his years of practice as a defense attorney he never failed to file a notice of appeal when instructed to do so by a client.

Crutchfield testified that prior to sentencing he talked to petitioner about cooperating.

Petitioner's versions conflicts with that of Wright. The Court, however, finds that Wright's testimony is more credible. The Court notes that Wright has been in practice for a number of years, and that he is a district judge in Wrightsville. He testified that he was aware of his obligation to file an appeal and was familiar with the practice of filing an *Anders* brief on appeal. The evidence supports the conclusion that the telephone conversation focused on getting petitioner to cooperate with the government in an effort to get a reduction in sentence. After Wright told petitioner that there was no ground for appeal, petitioner did not clearly instruct Wright that he wanted Wright to pursue the appeal.

Accordingly, the Court denies the § 2255 motion to vacate, set aside or correct sentence.

IT IS SO ORDERED this 24th day of October, 2005.

*[signature]*
UNITED STATES DISTRICT JUDGE

-2-